[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON
CT Page 8390 DEFENDANT'S MOTION TO STRIKE
INTRODUCTION
The defendant, Citizens Bank ("Citizens"), has moved to strike the plaintiffs' two count substituted complaint dated November 16, 2000. The relevant allegations of the complaint are:
Count One
Citizens is the successor to Bank of New Haven;
 After this action was commenced, one of the original plaintiffs, Henry Simoulidis ("Simoulidis"), died, and, as the file reveals, the complaint is now being prosecuted in his stead by the executor of his estate;
 The plaintiff, Matheos Papadopoulos ("Papadopoulos"), and Simoulidis purchased the land known as 535 Whalley Avenue ("535 Whalley Avenue"), and to finance the acquisition and renovation of that property, they borrowed $260,000 from Bank of New Haven (the "loan");
 At the time Bank of New Haven made the loan to Simoulidis and Papadopoulos, Bank of New Haven owned and controlled an entity known as Sunkiss Realty, Inc. ("Sunkiss");
 At the time the loan was made, employees of Bank of New Haven and/or Sunkiss orally represented (the "oral representations") to Simoulidis and Papadopoulos that:
 Bank of New Haven was then in the process of acquiring, by foreclosure or other means, real property known as 543 Whalley Avenue ("543 Whalley Avenue"), which was adjacent to 535 Whalley Avenue; and,
Bank of New Haven would allow Simoulidis and Papadopoulos to acquire 543 Whalley Avenue, if and when Bank of New Haven, Sunkiss or their agents acquired it; CT Page 8391
 In reliance on the oral representations, Simoulidis and Papadopoulos constructed improvements on 535 Whalley Avenue (the "improvements");
 The improvements were of a size that required, under the zoning and land use regulations of New Haven, parking off the premises of 535 Whalley Avenue;
 Simoulidis and Papadopoulos intended to acquire 543 Whalley Avenue, and to raze the building then standing on that property, in order to comply with the off premises parking requirement triggered by the improvements;
 Bank of New Haven and its agents knew or should have known that Simoulidis and Papadopoulos intended to employ 543 Whalley Avenue to provide the off premises parking necessitated by the improvements;
 Subsequently, Sunkiss acquired 543 Whalley Avenue, and thereafter sold it to an unrelated entity for $56,000;
 At the time Sunkiss sold 543 Whalley Avenue, Simoulidis and Papadopoulos were ready, willing and able to purchase that property for $56,000, or for a reasonable sum in excess thereof;
 Because Simoulidis and Papadopoulos were unable to acquire 543 Whalley Avenue and dedicate it to off premises parking, they were required to reduce the size of the uses to which they had dedicated 535 Whalley Avenue, resulting in a loss of revenues generated by the uses on 535 Whalley Avenue;
 Count Two
All the allegations of Count One are realleged;
At all relevant times, Bank of New Haven was engaged in trade or commerce, as defined in § 42-110a, et seq., of the General Statutes ("CUTPA"); and, CT Page 8392
 The failure of Bank of New Haven to honor the oral representations constitutes unfair and deceptive trade and practices under CUTPA.
DISCUSSION
 Count One
The defendant has moved to strike count one of the complaint on the ground that the allegations of that count are "insufficient as a matter of law" and because "it is barred by the Statute of Frauds." In short, the defendant claims that count one does not allege the elements of a contract, and that it seeks recovery based on an oral contract for the sale of land in violation of the statute of frauds, which provides, in relevant part:
 No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property. . . .
General Statutes § 52-550(a).
Whether count one alleges an agreement, and whether any such agreement would survive a statute of frauds defense, can both be answered by reference to Fruin v. Colonnade One at Old Greenwich Ltd. Partnership,38 Conn. App. 420 (1995), in which the court said:
 The statute of frauds requires that the essential terms and not every term of a contract be set forth therein . . . The essential provisions of a contract are the purchase price, the parties, and the subject matter for sale. (Citations omitted.)
Id., 426.
In the absence of allegations as to the purchase price of 535 Whalley Avenue and the names of the parties to the transaction, count one fails to allege an agreement for the breach of which the defendant can be held liable. Since the statute of frauds only comes into play when an agreement has been alleged, the failure to allege the requisite terms of an agreement makes unnecessary an analysis of the statute of frauds defense. CT Page 8393
Count Two
Count two purports to allege a violation of § 42-110b(a) of the General Statutes, which provides:
 No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.
In order for the oral representations to be deemed "unfair," they had to have been made with knowledge they were untrue. Count two contains no such allegation.
In order for the oral representations to be deemed "deceptive", they had to have been made with the knowledge that they were untrue and with the purpose of inducing Simoulidis and Papadopoulos to do something which they would not otherwise have done; i.e., to borrow money from Bank of New Haven to acquire and improve 535 Whalley Avenue. Count two contains no such allegations.
In order for the oral representations to be deemed to have been made in the "conduct of any trade or commerce," they had to have been made with the intent to further the defendant's business interests. Count two contains no such allegations.
In the absence of allegations that the oral representations were made by persons who knew them to be false, that the circumstances under which they were made allow the inference that they were unfair or deceptive and that they were intended to benefit the defendant unfairly in its business, count two fails to state a CUTPA violation.
CONCLUSION
The motion to strike count one and count two is granted.
G. Levine, J.